IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     Cr. No.  21-738 (BAH) |
| MICHAEL OLIVERAS, | : |
|     Defendant. | : |

**RESPONSE TO GOVERNMENT MOTION TO PRECLUDE
DEFENSE ARGUMENTS AND EVIDENCE ABOUT
LAW ENFORCEMENT PERMISSIVENESS OR INACTION (Dkt. 28)**

The government moves to exclude Michael Oliveras from arguing about alleged inaction by law enforcement officers unless Mr. Oliveras specifically observed or was aware of the conduct. (Dkt. 28.) The motion essentially seeks a ruling in advance of trial on the merits of potential defenses before any evidence is offered. Such a ruling is premature. This Court should deny the motion.

**Argument**

The government argues that this Court should preclude three categories of arguments: (1) that Oliveras has a defense of entrapment by estoppel, (2) that inaction by law enforcement rendered Oliveras's conduct lawful, and (3) that any inaction by law enforcement of which Oliveras was unaware has bearing on his case.

As to the first two categories, Oliveras acknowledges the reasoning in *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021), regarding entrapment by estoppel and inaction by law enforcement rendering conduct lawful. However, *Chrestman* was a bond case

forecasting the potential success of these arguments at trial; it did not address whether to preclude any argument on these topics. There has been no testimony yet taken in this case. To preclude categories of topics for argument and cross-examination before any testimony by officers is not appropriate.

As to the third category, the government's motion is premature and sweeps too broadly. The government "concedes that the conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021." (Dkt. 28, at 16.) Yet it argues that any conduct of which Oliveras was unaware is not relevant to his case.

The problem with issuing an order before trial precluding such arguments is that the exact inaction by law enforcement of which Mr. Oliveras was aware will not be known until after he testifies, if he chooses to do so. During the government's case-in-chief, the government will not know what Oliveras knew or did not know on January 6, 2021. Therefore, it is premature to prevent defense counsel from arguing about officer inaction or asking testifying officers about what they did or did not do to prevent entry into the Capitol on January 6. This portion of the government's request should be denied.

## Conclusion

Mr. Oliveras requests that the Court deny the government's motion in limine to limit questioning and argument about officer inaction.

Respectfully submitted,  
/s/ Lori M. Koch  
Assistant Federal Public Defender  
District of New Jersey  
800 Cooper St., Suite 350  
Camden, New Jersey 08102  
Telephone:   (609) 649-0292  
Email: Lori_Koch@fd.org

Date: November 3, 2022