## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No.  1:21-cr-00738-BAH** |
| | : | |
| **MICHAEL OLIVERAS,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' REPLY IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE ARGUMENTS AND EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT PERMISSIVENESS OR INACTION

The United States of America now files this reply in support of our Motion In Limine To Preclude Arguments And Evidence About Alleged Law Enforcement Permissiveness Or Inaction."  ECF No. 28.  For the reasons stated below, defendant's arguments are unpersuasive, and this Court should grant the government's motion to preclude the defendant from the following:  (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that, by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or its grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.

### I.    The Court Should Preclude Defendant From Arguing Entrapment By Estoppel

Oliveras has failed to put forth any evidence supporting an entrapment by estoppel defense related to law enforcement and should therefore be prohibited from asserting this defense at trial.  As well-established case law provides, "[a] motion *in limine* is a proper vehicle by which the government my challenge the sufficiency of an affirmative defense before trial." *United States v. Ross*, 206 F.3d 987, 989 (9th Cir. 2000).  In response, the defendant may put

forth a factual proffer of factual issues supporting the affirmative defense in question.  *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002).  "To entitle a defendant to present an affirmative defense to the jury, his proffer must meet the minimum standard to each element of the defense, so that if a jury finds it to be true, it would support the defense."  *Id*.  Furthermore, "the defendant must present 'more than a scintilla of evidence' that demonstrates that he can satisfy the legal requirements for asserting the proposed defense."  *Id*. (quoting *United States v. Blassingame*, 187 F.3d 271, 279 (7th Cir. 1999)).  Where the evidence proffered in response to a motion *in limine* is insufficient as a matter of law to support an affirmative defense, a pretrial ruling precluding the presentation of the defense at trial is appropriate.  *See id*.; *United States v. Robinson*, 180 Fed. App'x 92, 93-94 (11th Cir. 2006) (finding the court did not abuse its discretion in granting the Government's motion *in limine* where the defendant "failed to establish the elements of entrapment-by-estoppel").

To prove an entrapment by estoppel defense, which the government seeks to preclude, "a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation."  *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

While acknowledging the reasoning in *Chrestman* regarding entrapment by estoppel and

2

inaction by law enforcement defenses, Oliveras argues that *Chrestman* "was a bond case" and that "it did not address whether to preclude any argument on these topics."  ECF No. 37 at 1-2 (Opp. Mot.).  This is unpersuasive.  This Court applied the *Chrestman* elements in *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022), and found that "the legal principles articulated [in *Chrestman*] were not limited to that context."

Moreover, Oliveras has proffered no evidence supporting any element of the entrapment by estoppel defense.  Instead, Oliveras makes the same failed argument made by the defendant in *Williams*—that because "no testimony yet taken in this case," it is premature for the government to move to preclude this defense.  *See id*. at *2; Opp. Mot. at 2.  This is incorrect.  As this Court has previously held, given the very nature of a motion *in limine*—a ruling in advance as to whether certain evidence may be introduced or argument made—this argument does not work. *See Williams*, No. 21-cr-377-BAH, at *2.  Like in *Williams*, Oliveras "has proffered absolutely no evidence supporting any element of the entrapment-by-estoppel affirmative defense."  *Id*. at *2.  Thus, the Court should preclude Oliveras from arguing this defense.

## II.    The Court Should Preclude The Defendant From Arguing Conduct Purportedly Made Lawful Due To Officer Inaction

In addition to excluding defense arguments that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered his conduct legal.  Just as with the entrapment by estoppel defense, Oliveras did not proffer any evidence in his response to the government's motion *in limine* that would establish law enforcement's inaction or alleged permissiveness.  Opp. Mot. at 1-2.  Therefore, Oliveras should be precluded from arguing this defense.

Even if Oliveras were not precluded for lack of proffered factual support from arguing that alleged inaction or permissiveness by law enforcement officers made his conduct on January 6, 2021 legal, this argument would still fail as a matter of law and should be precluded on that ground as well.  As recognized by this Court, "[s]ettled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *Williams*, No. 21-cr-377-BAH, at *3 (citing *Cox v. Louisiana*, 379 U.S. 559, 569-70 (1965)); *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1169 (10th Cir. 1999) (holding defendant's belief that he was legally in the United States was not reasonable despite an INS clerk failing to arrest defendant "on the spot" when he illegally re-entered the country); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (declining to extend the entrapment-by-estoppel defense to a case that, like *Cox v. Louisiana*, involved the location and movements of protestors who argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police)).  Oliveras does not so much as make any argument to demonstrate otherwise, such as citing authority or other cases where such defense was permitted.  Thus, Oliveras should be precluded from arguing that any law enforcement inaction or permissiveness made any of his otherwise allegedly unlawful conduct lawful.

### III.    The Court Should Preclude Officer Inaction Not Perceived By Defendant

Finally, Oliveras should be precluded from offering any evidence at trial of inaction or permissiveness by law enforcement, unless Oliveras specifically observed or was otherwise actually aware of such conduct.  Though conduct of law enforcement may be relevant to the defendant's state of mind, "[a]s a logical matter . . . any action or inaction of which defendant was not aware cannot possibly have had any effect on his state-of-mind and is inadmissible as

4

irrelevant under Federal Rule of Evidence 401." *Williams*, No. 21-cr-377-BAH, at *3. Oliveras argues that "the exact inaction by law enforcement of which Mr. Oliveras was aware will not be known until after he testifies, if he chooses to do so," and that "[d]uring the government's case-in-chief, the government will not know what Oliveras knew or did not know on January 6, 2021." Opp. Mot. at 2. But this is precisely why the government's motion *in limine* is necessary and proper. Just as in *Williams*, though Oliveras "need not testify, he must *somehow* establish his awareness of the alleged inaction," whether it's through a good faith proffer, or using other evidence to show that he perceived and understood said inaction as a grant of permission to the defendant to enter the Capitol building. *Williams*, No. 21-cr-377-BAH, at *4. Oliveras has failed to do that. Opp. Mot. at 1-2. Therefore, any defense that Oliveras is not culpable of otherwise unlawful conduct due to inaction or permissiveness by law enforcement officers at the Capitol should be precluded unless and until Oliveras can establish actual awareness.

**CONCLUSION**

For the reasons set forth herein, the government respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged permissiveness by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

5

DATED:  November 16, 2022          By:     /s/ *Victoria A. Sheets*
                                          VICTORIA A. SHEETS
                                          Assistant United States Attorney
                                          NY Bar No. 5548623
                                          601 D Street NW
                                          Washington, DC 20530
                                          Victoria.Sheets@usdoj.gov
                                          (202) 252-7566

                                          ASHLEY AKERS
                                          Trial Attorney
                                          U.S. Department of Justice
                                          Detailed to the D.C. U.S. Attorney's Office
                                          601 D Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 353-0521
                                          Ashley.Akers@usdoj.gov