**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **No. 21-cr-00738 (BAH)** |
| **v.** | **:** | |
| | **:** | |
| **MICHAEL OLIVERAS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**JOINT PROPOSED JURY INSTRUCTIONS**

**Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not To Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

1

14.   Credibility of Witnesses, Redbook 2.200

15.   Police Officer's Testimony, Redbook 2.207

16.   Right of Defendant Not to Testify, Redbook 2.208 *or*

Defendant as Witness, Redbook 2.209, *as applicable*

17.   Statements of the Defendant – Substantive Evidence, Redbook 2.305

18.   Transcripts of Tape Recordings, Redbook 2.310

19.   Count One, Entering or Remaining in a Restricted Building or Grounds in violation of

18 U.S.C. § 1752(a)(1) [see proposal below]

    a.   Elements

    b.   "Restricted Building or Grounds"

    c.   "Knowingly"

    d.   "Attempt"

    e.   "Aiding and Abetting"

20.   Count Two, Disorderly or Disruptive Conduct in a Restricted Building or Grounds in

violation of 18 U.S.C. § 1752(a)(2) [see proposal below]

    a.   Elements

    b.   "Disorderly or Disruptive Conduct"

21.   Count Three, Disorderly or Disruptive Conduct in a Capitol Building, in violation of

40 U.S.C. § 5104(e)(2)(D) [see proposal below]

    a.   Elements

    b.   "Orderly Conduct of a Session of Congress"

    c.   "Willfully"

22.     Count Four, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

23.     Proof of State of Mind, Redbook 3.101

24.     Aiding and Abetting, Redbook 3.200

25.     Multiple Counts – One Defendant, Redbook 2.402

26.     Unanimity—General, Redbook 2.405

27.     Verdict Form Explanation, Redbook 2.407

28.     Redacted Documents and Tapes, Redbook 2.500

29.     Exhibits During Deliberations, Redbook 2.501

30.     Selection of Foreperson, Redbook 2.502

31.     Possible Punishment Not Relevant, Redbook 2.505

32.     Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

33.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

34.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

35.     Excusing Alternate Jurors, Redbook 2.511

36.     Court Interaction with Jury During Deliberations – Note, Redbook 2.600

37.     When Jurors Cannot Agree, Redbook 2.601

38.     Instructions to Jury Before Polling, Redbook 2.602

39.     Instructions to Jury After Polling, Redbook 2.603

40.     Comment on Verdict – Note, Redbook 2.604

**Joint Proposed Instruction No. 19(a)**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS – ELEMENTS[1]**

(18 U.S.C. § 1752(a)(1))

Count One of the Information charges Michael Oliveras with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

---

[1] 18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

4

**Joint Proposed Instruction No. 19(b)**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS –
"RESTRICTED BUILDING OR GROUNDS"[2]**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

---

[2] 18 U.S.C. § 1752(c); 18 U.S.C. § 3056.

5

**Joint Proposed Instruction No. 19(c)**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS–
"KNOWINGLY"[3]**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

---

[3] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 4.10 ("Definition of Knowingly"); *see also* Third Circuit Model Jury Instruction, Criminal, 5.02 ("Knowingly")).

**Joint Proposed Instruction No. 19(d)**

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS – "ATTEMPT"

In Count One, Michael Oliveras is charged with entering or remaining in a restricted building or grounds.  An attempt to commit the charge of entering or remaining in a restricted building or grounds is a crime even if the defendant did not actually complete the crime of entering or remaining in a restricted building or grounds.

In order to find the defendant guilty of attempt to commit entering or remaining in a restricted building or grounds, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of entering or remaining in a restricted building or grounds, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing entering or remaining in a restricted building or grounds which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit entering or remaining in a restricted building or grounds merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit entering or remaining in a restricted building or grounds merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit to

7

entering or remaining in a restricted building or grounds.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Joint Proposed Instruction No. 19(e)**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS –
"AIDING AND ABETTING"**

In this case, the government further alleges that Michael Oliveras aided and abetted others in committing entering or remaining in a restricted building or grounds as charged in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of entering or remaining in a restricted building or grounds because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed entering or remaining in a restricted building or grounds by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that entering or remaining in a restricted building or grounds was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of entering or remaining in a restricted building or grounds.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of entering or remaining in a restricted building or grounds.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the entering or remaining in a restricted building or

grounds as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**Joint Proposed Instruction No. 20(a)**

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – ELEMENTS[4]

(18 U.S.C. § 1752(a)(2))

Count Two of the Information charges Michael Oliveras with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" has the same meaning as in the instruction for Count One defining "restricted building or grounds."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

---

[4] 18 U.S.C. § 1752(a)(2).

**Joint Proposed Instruction No. 20(b)**

**DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – "DISORDERLY OR DISRUPTIVE CONDUCT"[5]**

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

---

[5] Redbook 6.643

13

**Joint Proposed Instruction No. 21(a)**

<u>**DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –
ELEMENTS**[6]</u>
(40 U.S.C. § 5104(e)(2)(D))

Count Three of the Information charges Michael Oliveras with disorderly or disruptive conduct in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2.  Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3.  Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[7]

The term "disorderly or disruptive conduct" has the same as in the instruction for Count Two defining "disorderly conduct" and "disruptive conduct."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

---

[6] For the elements:  40 U.S.C. § 5104.

[7] For the definition of "United States Capitol Buildings":  40 U.S.C. § 5101.

**Joint Proposed Instruction No. 21(b)**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –
"ORDERLY CONDUCT OF A SESSION OF CONGRESS"</u>**

I instruct you that, for purposes of Count Three, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.

**Joint Proposed Instruction No. 21(c)**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –
"WILLFULLY"[8]</u>**

I instruct you that, for purposes of Count Three, a person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

---

[8] Third Circuit Model Jury Instruction, Criminal, 5.05 ("Willfully"); *United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Joint Proposed Instruction No. 22**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING –
ELEMENTS[9]**
(40 U.S.C. § 5104(e)(2)(G))

Count Four of the Information charges Michael Oliveras with parading, demonstrating, or picketing in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.     First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

2.     Second, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress.

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count Three defining "United States Capitol Buildings."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

The term "willfully" has the same meaning as in the instruction for Count Three defining "willfully."

---

[9] 40 U.S.C. § 5104; *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000

Respectfully submitted,

Dated: December 9, 2022

FOR THE DEFENDANT

MICHAEL OLIVERAS
Defendant


 _s/ Lori M. Koch_____
LORI M. KOCH, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
800 Cooper Street, Suite 350
Camden, New Jersey 08102
Lori_koch@fd.org
(609) 649-0292

FOR THE UNITED STATES

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


_____/s/_____
ASHLEY AKERS
Trial Attorney
 MO Bar No. 69609
 Capitol Riot Detailee
(202) 353-0521


VICTORIA A. SHEETS
Assistant United States Attorney
Victoria.Sheets@usdoj.gov

LYNNETT M. WAGNER
Assistant United States Attorney
NE Bar No. 21606

601 D Street NW
Washington, DC 20530
Tel: (202) 353-0521
Email: Ashley.Akers@usdoj.gov
Email: Victoria.Sheets@usdoj.gov
Email: Lynnett.m.wagner@usdoj.gov