UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 21-738 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| MICHAEL OLIVERAS, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Michael Oliveras faces trial on February 20, 2023 on a four-count information arising from his alleged conduct at the U.S. Capitol on January 6, 2021. Pending before the Court is the government's opposed Motion *in Limine* to Preclude Arguments and Evidence ("Gov't's Mot."), ECF No. 28, seeking to preclude defendant from pursuing a trio of hypothesized lines of defense. For the reasons discussed below, the motion is granted.

I.   **DISCUSSION**

The government "requests that the Court issue an order precluding Defendant Michael Oliveras from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant[']s entry into the United States Capitol building or grounds or [his] conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct." Gov't's Mot. at 1. Each component of the government's motion is examined in turn.

1

### A. Entrapment by Estoppel

To prove an entrapment by estoppel defense, which the government seeks to preclude, "a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

Here, defendant has proffered absolutely no evidence supporting any element of the entrapment-by-estoppel affirmative defense. Further, even if he had, the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building.

Defendant rebuts none of this, offering only a threadbare opposition that *Chrestman* reaches only the pretrial release context, while ignoring that the legal principles articulated were not limited to that context. Def.'s Resp. Gov't Mot. Preclude Args. and Evid. ("Def.'s Opp'n") at 1–2, ECF No. 37. In addition, defendant expresses the view that precluding *ex ante* any categories of argument and testimony is "not appropriate" since no testimony has yet been taken. *Id.* at 2. Given, however, that a motion *in limine* by its nature does exactly that—rule in advance as to whether certain evidence may be introduced or argument made—defendant's last gasp argument falls flat.

2

### B.     Conduct Purportedly Made Lawful Due to Officer Inaction

Next, the government seeks to preclude arguments or testimony suggesting that alleged inaction by law enforcement officers somehow caused defendant's conduct to be lawful.  Gov't's Mot. at 15–16.  Defendant offers no substantive rebuttal.  *See* Def.'s Opp'n.

Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct.  *See Cox v. Louisiana*, 379 U.S. 559, 569–70 (1965); *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1168–69 (10th Cir. 1999) (holding defendant's belief that he was legally in the United States was not reasonable despite an INS clerk failing to arrest defendant "on the spot" when he illegally re-entered the country); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (declining to extend the entrapment-by-estoppel defense to a case that involved the location and movements of protestors who argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police).  Thus, defendant is precluded from arguing that law enforcement, by failing to act or censure his conduct, somehow made any of his otherwise allegedly unlawful conduct lawful.

### C.     Officer Permissiveness Not Perceived by Defendant

Finally, the government seeks to preclude defendant from presenting evidence or argument about alleged permissiveness by law enforcement officers, except to the extent that defendant observed or was otherwise actually aware of such conduct.  Gov't's Mot. at 16.  The government allows that "[t]he conduct of law enforcement officers may be relevant to Oliveras's state of mind on January 6, 2021."  *Id.*  As a logical matter, however, any action or inaction of which defendant was not aware cannot possibly have had any effect on his state of mind and is inadmissible as irrelevant under Federal Rule of Evidence 401.

Defendant does not challenge this basic proposition but instead suggests that unless and until defendant testifies whether he was or was not aware of specific officer conduct, any testimony about officer action or inaction must be fair game. Def.'s Opp'n at 2. Defendant has it backwards. Although he need not testify, he must *somehow* establish his awareness of the alleged permissiveness. Fortunately, he can do so any number of ways, such as a good faith proffer outside the presence of the jury, *see* Gov't's Reply at 5, ECF No. 44 (quoting Mem. & Order at 4, *United States v. Williams*, No. 21-cr-377 (BAH), ECF No. 87), or using other evidence to show that defendant was adequately nearby the alleged inaction at the correct time to have perceived and understood such permissiveness as giving him permission to enter the Capitol. Short of that, defendant cannot present a defense that he is not culpable of otherwise unlawful conduct due to permissiveness by law enforcement officers at the Capitol.

## II. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the government's Motion *in Limine* to Preclude Improper Defense Arguments and Evidence ("Gov't's Mot."), ECF No. 28, is **GRANTED.**

**SO ORDERED.**

Date: January 17, 2023

_____
BERYL A. HOWELL
Chief Judge