UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 21-cr-00738 (BAH) |
| v. : | |
| : | |
| MICHAEL OLIVERAS, : | |
| : | |
| Defendant. : | |

**JOINT PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby proposes the following preliminary and final jury instructions, subject to issues that arise during trial.

I.  **Preliminary Instructions**

   1. Preliminary Instruction Before Trial, Redbook 1.102
   2. Stipulations, Redbook 1.103(A)
   3. Notetaking by Jurors, Redbook 1.105

II. **Final Instructions**

   1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100
   2. Function of the Court, Redbook 2.101
   3. Function of the Jury, Redbook 2.102
   4. Jury's Recollection Controls, Redbook 2.103
   5. Evidence in the Case, Redbook 2.104
   6. Statements of Counsel, Redbook 2.105
   7. Indictment Not Evidence, Redbook 2.106
   8. Burden of Proof, Redbook 2.107
   9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not To Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 [**if applicable after trial**]

17. Character of Defendant, Redbook 2.213 [**if applicable after trial**]

18. Count One, Civil Disorder in violation of 18 U.S.C. § 231

19. Count Two, Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2), 2

20. Count Three, Obstruction of Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1)

21. Count Four, Entering or Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1)

22. Count Five, Disorderly or Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2)

23. Count Six, Disorderly or Disruptive Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D)

24. Count Seven, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G)

25. Proof of State of Mind, Redbook 3.101

26. Multiple Counts – One Defendant, Redbook 2.402

27. Unanimity – General, Redbook 2.405

28. Verdict Form Explanation, Redbook 2.407

29. Redacted Documents and Tapes, Redbook 2.500

30. Exhibits During Deliberations, Redbook 2.501

31. Selection of Foreperson, Redbook 2.502

32. Possible Punishment Not Relevant, Redbook 2.505

33. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

34. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

35. Excusing Alternate Jurors, Redbook 2.511

## CIVIL DISORDER[1]

Count 1 of the Indictment charges the defendant with civil disorder, which is a violation of federal law.

I. <u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

II. <u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

---

[1] *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; 2 U.S.C. §§ 1961, 1967. For other January 6 trials that have used similar instructions, *see, e.g.*, *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[2]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[3]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[4]

---

[2] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[3] *See* 18 U.S.C. § 232(3).

[4] *See, e.g., United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23) and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[5]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[6]

---

[5] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[6] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

# OBSTRUCTION OF AN OFFICIAL PROCEEDING[7]

Count 2 of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.

Count 2 also charges the defendant with aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

I.  Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

II.  Definitions

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an

---

[7] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used similar instructions to these, see, e.g., *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 23-27); *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, 21-cr-204 (BAH) (ECF No. 215 at 7).

"official proceeding" as that term is used in this count.[8] The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[9]

The term "knowingly" has the same meaning described in the instructions for Count 1.

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[10] Often, acting corruptly involves acting with

---

[8] *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023) (holding "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2)). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress").

[9] 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense"). For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995). For other January 6 trials that have used a similar instruction, see, *e.g.*, *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 23).

[10] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329,

the intent to secure an unlawful advantage or benefit either for oneself or for another person.[11]

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[12]

Aiding and Abetting[13]

In this case, the government further alleges that the defendant committed obstruction of an official proceeding as charged in Count 2, by aiding and abetting others in committing this offense.

---

340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022).  For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

[11] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10), *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 24), *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28).
In denying the defendant's request for a new trial following the D.C. Circuit's opinion in *Fischer*, *United States v. Sheppard* held that the concurring opinion in *Fischer* did not create any binding precedent or change in the law that affects the definition of the word "corruptly."  No. 21-203 (JDB) (ECF No. 105 at 20).  The jury in *Sheppard* was given a similar instruction to the one set forth here.  *Id.* at 2.
In *United States v. Harris*, 21-cr-189 (CJN), Judge Nichols rejected the defendant's argument that "corruptly" requires proof of a dishonest act.  *Id.*, Transcript of Closing Arguments and Bench Verdict, Jun. 14, 2023, at 6).
[12] *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 29).
[13] You may request an aiding and abettin instruction even if the indictment does not allege aiding and abetting. *See, e.g.*, *United States v. Ginyard*, 511 F.3d 203, 211 n.6 (D.C. Cir. 2008) ("An indictment need not specifically include an aiding and abetting charge because, whether

This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count 2.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

> First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.
>
> Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.
>
> Third, that the defendant performed an act or acts in furtherance of the offense.
>
> Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

---

specified or not, the federal statute creating liability for aiding and abetting is considered embodied in full in every federal indictment.") (cleaned up).

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## ASSAULTING, RESISTING, OR IMPEDING OFFICERS[14]

Count 3 of the Indictment charges the defendant with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of their official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

I. <u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department, United States Capitol Police, or other law enforcement agency.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of their official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with that officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts 1 and 2.

---

[14] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

II.   Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[15]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[16]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[15] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[16] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23).

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[17]

Count 4 of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

III.    Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

>First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

>Second, the defendant did so knowingly.

IV.    Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count 1.

---

[17] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).  For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS

Count 5 of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

I.      Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

II.     Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[18] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[19]

---

[18] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[19] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[20]

The term "restricted building or grounds" has the same meaning described in the instructions for Count 4.

The term "knowingly" has the same meanings described in the instructions for Count 1.

---

[20] Redbook 6.643.

## DISORDERLY CONDUCT IN A CAPITOL BUILDING[21]

Count 6 of the Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

I. Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

II. Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" includes the area depicted in Government's Exhibit 105.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[22]

The term "disrupt the orderly conduct" has the same meaning described in the instructions for Count 5 defining "disorderly conduct" and "disruptive conduct."

---

[21] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).
[22] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

17

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[23]

The "knowingly" has the same meaning described in the instructions for Count 1.

---

[23] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[23]

The "knowingly" has the same meaning described in the instructions for Count 1.

---

[23] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

## PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[24]

Count 7 of the Indictment charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

I. Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

II. Definitions

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[25]

The term "Capitol Buildings" has the same meaning described in the instructions for Count 6.

The term "knowingly" has the same meaning described in the instruction for Count 1.

The term "willfully" has the same meaning described in the instructions for Count 6.

---

[24] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11).

[25] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44).  *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).