UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL OLIVERAS,<br><br>Defendant. | Criminal Case No. 21-738 (BAH)<br><br>Judge Beryl A. Howell |

## INSTRUCTIONS TO THE JURY

The attached instructions were read to the jury in the trial of the captioned case on November 16, 2023, and given to the jury for deliberations on November 16, 2023.

Date: November 16, 2023

*[signature]*

**BERYL A. HOWELL**
United States District Judge

**FINAL JURY INSTRUCTIONS** – *U.S. v. Michael Oliveras,* **21-cr-738**

Ladies and gentlemen, at this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

I am going to provide each of you with a copy of these instructions, so you do not need to take notes, while I'm talking. I see many of you picking up pens to conscientiously take notes—just listen. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. I will give you instructions on how to do that at the end of these instructions. The copy of these instructions that will be given to you will be returned to me when you render your verdict.

As I stated in my preliminary instructions to you at the beginning of the trial, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

Be aware that, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in the courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristics, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income levels, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

If any reference by me or any of the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, had agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you have found have been proven, such reasonable inferences as you feel are justified in light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**FINAL JURY INSTRUCTIONS** – *U.S. v. Michael Oliveras,* **21-cr-738**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant Michael Oliveras to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Mr. Oliveras is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Mr. Oliveras not guilty of that offense.

As stated during the preliminary instructions I gave you at the beginning of the trial, the government has the burden of proving Mr. Oliveras guilty beyond a reasonable doubt as to each element of each charge against him. In civil cases, by contrast, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.

In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say you are firmly convinced of Mr. Oliveras's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters of life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Now there are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because we must not allow the nature of the charges to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party they represent. It is the lawyers' responsibility to object to evidence that they believe is not admissible. If, during the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a larger video, or a document with some words or pictures blacked out or otherwise removed. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statements made or acts done by Mr. Oliveras, and all other facts and circumstances received in evidence which may indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Oliveras acted with the necessary state of mind.

## EVALUATING TESTIMONY

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of the trial, you should evaluate the credibility of witnesses free from prejudices and biases. You may consider anything else that in your judgment affects the credibility of any

witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception. You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth. You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any other witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement officer.

Every defendant in a criminal case has an absolute right not to testify. Mr. Oliveras has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

## CHARGES

At the beginning of the trial, I gave you preliminary instructions that generally described the different types of charges that the government has brought against the defendant, **MR. OLIVERAS**. He is charged with committing offenses charged in seven separate counts. I will read those charges to you now and then explain the definitions of terms used in the charges and the elements of each charge. When no formal definition is provided for a term, please rely on your everyday understanding of the word. Again, keep in mind that you will have a copy of these instructions when you deliberate, so you don't need to remember all these details or write any of it down.

Now before discussing the charges, I will define the term "knowingly." I am going to define that term for you because this term will appear in many of the charges. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding

whether the defendant acted knowingly, you may consider all the evidence, including what the defendant did or said.

### COUNT ONE – Civil Disorder

Count One charges that on or about January 6, 2021, at approximately 4:26 p.m., within the District of Columbia, **MICHAEL OLIVERAS** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his or her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function, in violation of 18 U.S.C. § 231(a)(3).

Count One charges the defendant with the substantive offense of committing civil disorder and also with attempting to commit civil disorder. I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the commission of this offense.

**Elements For Count One:** To find the defendant guilty of the offense charged in Count One, you must find that the government proved each of the following elements beyond a reasonable doubt:
- First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.
- Second, at the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.
- Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

If you find defendant **MICHAEL OLIVERAS** guilty of this offense, you must also answer two questions that follow Count 1 on the Verdict Form asking whether the jury unanimously agrees that the government has shown: (1) that the civil disorder obstructed, delayed, or adversely affected commerce or the movement of an article or commodity in commerce; or (2) that the civil disorder obstructed, delayed, or adversely affected the conduct or performance of a federally protected function. While the charge in Count One is written with an "and," the government is not required to show that the civil disorder affected both (1) and (2) of what I just described as (1) and (2). In other words, you may find that the civil disorder affected both commerce and the conduct of a federally protected function, or affected neither. In that case, you will answer both of the questions that follow Count 1 with the same answer. Alternatively, you may find that the government has only shown that a civil disorder affected either commerce or a federally protected function. In that case, you will answer YES to only one of the questions that follow Count 1.

**Definitions**:
- "Knowingly" has the same definition that I gave you above.
- The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

- The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.
- The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.
- The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service).
- The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.
- The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United States Capitol Police.
- The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.
- For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

*Attempt*

In Count One, **MICHAEL OLIVERAS** is alternatively charged with attempt to commit the crime of civil disorder. Attempting to commit this offense is not a separate offense but an alternative way in which the government alleges that defendant **MICHAEL OLIVERAS** committed this same offense in Count One.

In order to find the defendant guilty of attempt to commit civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:
1. The defendant intended to commit the crime of civil disorder, as I have defined that offense above; and
2. The defendant took a substantial step toward committing civil disorder.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the "substantial step" element, you may not find the defendant guilty of attempt to commit civil disorder merely because he made some plans to or some preparation for committing the crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last step necessary to complete the crime.

## COUNT TWO – Obstruction of an Official Proceeding

Count Two charges that on or about January 6, 2021, within the District of Columbia and elsewhere, **MICHAEL OLIVERAS** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18, in violation of 18 U.S.C. §§ 1512(c)(2) and (2).

**FINAL JURY INSTRUCTIONS** – *U.S. v. Michael Oliveras,* **21-cr-738**

Count Two charges the defendant with the substantive offense of corruptly obstructing an official proceeding and also with attempting to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements For Count Two:** To find the defendant guilty of the offense charged in Count Two, you must find that the government proved each of the following elements beyond a reasonable doubt:
- First, the defendant attempted to or did obstruct or impede any official proceeding.
- Second, the defendant acted with the intent to obstruct or impede the official proceeding.
- Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.
- Fourth, the defendant acted corruptly.

**Definitions**:
- "Knowingly" has the same definition that I gave you above.
- To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.
- As the term "official proceeding" is used in this count, Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding". The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.
- To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances and, thus, an individual who does no more than lawfully exercise those rights does not act 'corruptly.' Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct. However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.

*Attempt*

In Count Two, **MICHAEL OLIVERAS** is alternatively charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding. In order to

find the defendant guilty of attempt to commit an obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:
1. First, the defendant intended to commit the crime of obstruction of an official proceeding, as that offense is defined above.
2. Second, the defendant engaged in conduct that constituted a substantial step toward committing obstruction of an official proceeding that strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find beyond a reasonable doubt that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the "substantial step" element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find beyond a reasonable doubt that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### *Aiding and Abetting*

The government further charges that the defendant committed obstruction of an official proceeding by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count 2.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

To find the defendant guilty of obstruction of an official proceeding in Count Two because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:
- First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.
- Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.
- Third, that the defendant performed an act or acts in furtherance of that offense.
- Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.
- Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

**FINAL JURY INSTRUCTIONS** – *U.S. v. Michael Oliveras,* **21-cr-738**

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## COUNT THREE – Assaulting, Resisting, or Impeding Officers

Count Three charges that on or about January 6, 2021, at approximately 4:26 p.m., within the District of Columbia, **MICHAEL OLIVERAS**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, which such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1).

**Elements For Count Three:**  To find the defendant guilty of the offense charged in Count Three, you must find that the government proved each of the following elements beyond a reasonable doubt:
- First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the Metropolitan Police Department, United States Capitol Police, or other law enforcement agency.
- Second, the defendant did such acts forcibly.
- Third, the defendant did such acts voluntarily and intentionally.
- Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.
- Fifth, the defendant made physical contact with that officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts 1 and 2. While the charge is written with an "and," you need only decide that defendant either made physical contact with that officer or acted with the intent to commit another felony.

You are instructed that officers of the Metropolitan Police Department were acting in their official duties to assist federal officers of the United States Capitol Police and in protecting the U.S. Capitol complex on January 6, 2021.  It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted,

opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

**Definitions**:
- A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.
- The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.
- The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

## COUNT FOUR – Entering and Remaining in a Restricted Building or Grounds

Count Four charges that on or about January 6, 2021, within the District of Columbia, **MICHAEL OLIVERAS** did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1).

**Elements For Count Four:** To find the defendant guilty of the offense charged in Count Four, you must find that the government proved each of the following elements beyond a reasonable doubt:
- First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.
- Second, the defendant did so knowingly.

While the charge is written with an "and," the government must prove beyond a reasonable doubt only that the defendant either knowingly entered, or knowingly remained in, a restricted building or grounds without lawful authority, or both.

**Definitions**:
- "Knowingly" has the same definition that I gave you above.
- The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.
- The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

## COUNT FIVE – Disorderly and Disruptive Conduct in a Restricted Building or Grounds

Count Five charges that on or about January 6, 2021, within the District of Columbia, **MICHAEL OLIVERAS** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building or grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its

grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, in violation of 18 U.S.C. § 1752(a)(2).

**Elements For Count Five:** To find the defendant guilty of the offense charged in Count Five, you must find that the government proved each of the following elements beyond a reasonable doubt:
- First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds. While the charge is written with an "and," the government must prove beyond a reasonable doubt that the defendant engaged in either disorderly or disruptive conduct, or both.
- Second, the defendant did so knowingly and with intent to impede or disrupt the orderly conduct of Government business or official functions.
- Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Definitions**:
- "Knowingly" has the same definition that I gave you above.
- The term "restricted building or grounds" has the same meaning as described for Count 4.
- "Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety. Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.
- "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

## COUNT SIX – Disorderly Conduct in a Capitol Building

Count Six charges that on or about January 6, 2021, within the District of Columbia, **MICHAEL OLIVERAS** willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress, in violation of 40 U.S.C. (U.S.C. stands for United States Code) § 5104(e)(2)(D).

**Elements For Count Six:** To find the defendant guilty of the offense charged in Count Six, you must find that the government proved each of the following elements beyond a reasonable doubt:
- First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings. While the charge is written with an "and," you need only decide that defendant was either disorderly or disruptive.
- Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.
- Third, the defendant acted willfully and knowingly.

**Definitions**:
- "Knowingly" has the same definition that I gave you above.
- The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" includes the area depicted in Government's Exhibit 105.

- For the purposes of Count Six, 'the orderly conduct of a session of Congress or either House of Congress' includes the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.
- The term "disrupt the orderly conduct" has the same meaning described in the instructions for Count 5 defining "disorderly conduct" and "disruptive conduct."
- A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

### COUNT SEVEN – Parading, Demonstrating, or Picketing in a Capitol Building

Count Seven charges that on or about January 6, 2021, within the District of Columbia, **MICHAEL OLIVERAS** willfully and knowingly engaged in unlawful parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

**Elements For Count Seven:** To find the defendant guilty of the offense charged in Count Seven, you must find that the government proved each of the following elements beyond a reasonable doubt:
- First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.
- Second, the defendant acted willfully and knowingly.

**Definitions**:
- The terms "parade" and "picket" have their ordinary meanings.
- The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.
- The terms "Capitol Buildings," "knowingly," and "willfully" were previously defined.

Now to the end of these instructions.

### DELIBERATIONS AND LOGISTICAL MATTERS

Each count charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one charge should not influence your verdict with respect to any other charge. At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

You will be provided with a Verdict Form for your use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law as I have given them to you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that any exhibits that were only

marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you as the jury should select a foreperson. That is up to you. However, as you go about this task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who will help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a fair and full consideration of that evidence.

The question of possible punishment of the defendant in the event of a conviction is not a concern for you and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

I would like to remind you that, in some cases, there may be reports on the Internet, television, radio, or newspaper concerning this case or other reporting related to the events at the U.S. Capitol on January 6, 2021. You may be tempted to read, listen to, or watch it, and you must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial or related events inadvertently comes to your attention during your deliberations, do not discuss it with other jurors or anyone else. Just let Mr. Coates, my courtroom deputy, know or the court security officer who will be seated outside the jury room during your deliberations. I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a phone, smart phone, iPhone, computer, tablet, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or social media service such as Facebook, LinkedIn, YouTube, Twitter, or Instagram, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about the case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in the courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate, and you are only permitted to discuss this case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside the courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case and that would unfairly and adversely affect the judicial process.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the courtroom deputy or court security officer who will be stationed outside the jury room, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me

except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind that you are never, under any circumstances, to reveal to any person—not the clerk, the court security officer, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.