UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No.  1:21-cr-00738-BAH |
| | : | |
| **MICHAEL OLIVERAS,** | : | |
| | : | |
| Defendant. | : | |

# MOTION TO RESCHEDULE SENTENCING AND
# NOTICE OF SECOND SUPERSEDING INFORMATION

The United States of America hereby moves this Court reschedule the sentencing of defendant Michael Oliveras, currently scheduled for July 13, 2023, and provides notice of a Second Superseding Information.

On January 26, 2023, the government filed a Superseding Information, charging defendant Oliveras with five counts. On January 27, 2023, the Court held an arraignment and plea agreement hearing. The defendant pled guilty to Count One of the Superseding Information, charging one count of assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a). The Court scheduled sentencing to take place on April 21, 2023. *See* Minute Order (1/27/2023). The defendant's plea agreement provided that he:

> understands that a violation of 18 U.S.C. § 111(a) carries a maximum sentence of 8 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.
> ECF No. 59 at paragraph 1.

The plea agreement set forth the Sentencing Guidelines Analysis, and the defendant agreed that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2 | Official Victim | +6 |

                                                                           Total   **20**

ECF No. 59 at paragraph 5.

      Further, the defendant agreed that, "[b]ased upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, [the defendant's] estimated Sentencing Guidelines range is 24 months to 30 months (the 'Estimated Guidelines Range')." ECF No. 59 at paragraph 5(D).

      On or around April 4, 2023, the government and former defense counsel consulted about the signed plea agreement and Superseding Information. The government informed defense counsel that it intended to file a Second Superseding Information, to rectify the Superseding Information that did not fully capture the statutory language of the felony charge of 18 U.S.C. § 111(a) that the defendant pled guilty to. The Superseding Information states, in part:

---

**COUNT ONE**

On or about January 6, 2021, within the District of Columbia, **MICHAEL OLIVERAS**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such person was engaged in and on account of the performance of official duties.

(**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

---

      *See* ECF No.57.

      The newly proposed Second Superseding Information would state, in part (red lettering to indicate newly added language):

2

> **COUNT ONE**
>
> On or about January 6, 2021, within the District of Columbia, **MICHAEL OLIVERAS**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such person was engaged in and on account of the performance of official duties, <span style="color:red">and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony</span>.
>
> (**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

This newly added language more fully and accurately captures the statutory language of 18 U.S.C. § 111(a), and comports with the parties' agreement to the felony plea, as reflected in the plea agreement and statement of offense. *See* ECF Nos. 59 & 60.

In early April 2023, before filing the Second Superseding Information, the government consulted with defense counsel about the newly added language from the Second Superseding Information, and requested confirmation that the defendant would plead guilty to the updated language. Around this same time, the defendant fired his attorney, Lori Koch, and retained the services of current counsel William Shipley.

The government promptly raised this issue with Mr. Shipley by phone and email correspondence. Because Mr. Shipley required time to get up to speed on the case before taking action on the Second Superseding Information and before filing defendant's sentencing memorandum, the government consented to the defense's motion to continue the sentencing date. ECF No. 69.

Then, in May 2023, defense counsel again requested to continue the sentencing date, on the basis that defense counsel Mr. Shipley was trial counsel in back-to-back trials and had numerous obligations in other cases including sentencings. *See* ECF No. 72. Mr. Shipley represented that "the parties request that if the continuance is granted, sentencing in this matter be reset in late July, subject to the availability of time on the Court's calendar." *Id.* at 3.

The defense requested that sentencing be scheduled "late in July" because, at the time the motion was filed, counsel for both parties (undersigned counsel and Mr. Shipley) were scheduled to be in trial before Judge McFadden in *McCaughey, et al.*, 21-cr-40, from July 11, 2023 to July 22, 2023.[1]

The Court granted the defendant's second motion to continue and scheduled the sentencing for July 13, 2023. *See* Minute Order (5/22/2023). The Court stated that "[f]urther delays in sentencing for a plea that took place in January 2023, will be approved only for compelling reasons." *Id.*

Based on the Court's order that only compelling reasons would be considered for further delay of the sentencing, undersigned counsel for the government had planned for the government's second chair in the *McCaughey*, 21-cr-40 trial to cover the trial on the morning of July 13, 2023, while undersigned counsel attended the *Oliveras* sentencing hearing on that same morning. However, in the recent days, the government's second chair on the *McCaughey*, 21-cr-40 trial has become unavailable to participate in trial based on competing work obligations. Thus, undersigned counsel, who is lead counsel in *McCaughey*, 21-cr-40, is no longer available on July 13, 2023 for sentencing in *Oliveras*. This course of events leading to undersigned counsel's unavailability on

---

[1] The trial has since been moved to start on July 10, 2023.

4

July 13, 2023 is entirely out of her control, and we apologize to the Court for the late requested motion. We respectfully submit that, given the trial is moving forward on July 10, 2023 in the *McCaughey*, 21-cr-40 case, and given the recent change in counsel in that case, this presents a compelling reason to continue the sentencing in *Oliveras*.

The government has conferred with defense counsel and counsel for both parties are available on August 23, 24, and 25 for sentencing in this case. Counsel can provide additional availability to the Court if the Court is not available on those dates.

Additionally, the government provides notice that it filed the Second Superseding Information on or about July 5, 2023. The parties have conferred and the defendant has represented that he is prepared to enter a plea of guilty to the Second Superseding Information. Thus, the parties respectfully request that the Court hold a plea hearing and sentencing on the same date.

WHEREFORE, the government respectfully requests that this Court grant the motion to continue the scheduled sentencing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: */s/ Ashley Akers*
ASHLEY AKERS
Trial Attorney
District of Columbia – Detailee
Missouri Bar No. 69601
601 D Street NW
Washington, DC 20001
(202) 353-0521
Ashley.Akers@usdoj.gov