UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 21-cr-738- BAH |
| ) | |
| MICHAEL OLIVERAS ) | |
| ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT'S SUPPLEMENTAL SENTENCING STATEMENT**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
Attorney for Defendant

Comes now Defendant Michael Oliveras, through his counsel of record William L. Shipley, and hereby submits this Supplement Sentencing Statement addressing the impact of the Supreme Court's decision in Fischer v. United States to the various sentencing issues in this case following Mr. Olivares' conviction at trial.

Revised Guideline Calculation:

Mr. Olivares anticipates that the Government will move to dismiss Count Two prior to the sentencing hearing.

Following that dismissal, Mr. Olivares will stand before this Court subject to sentencing for convictions as follows:

    Count 1:  18 U.S.C. Sec. 231(a)(3) – Civil Disorder

    Count 3:  18 U.S.C. Sec. 111(a) – Assault, impede, interfere, etc. with a law enforcement officers (aiding and abetting).

    Counts 4-5:  18 U.S.C. Sec. 1712 – Unauthorized entry/presence on restricted grounds

    Count 6-7: 40 U.S.C. Sec. 5104 – Disorderly conduct in the Capitol building or grounds.

The applicable Guideline Section for Count 1 is U.S.S.G. Sec. 2A2.4. However, if applicable, the cross-reference in Sec. 2A2.4(c)(1) directs that Sec. 2A2.2 be used.

The PSR combines Counts One and Three for purposes of applying the Guidelines. In doing so, and without an express justification, the PSR applies Sec. 2A2.2.

In Appendix A to the Sentencing Guidelines, a violation of Sec. 111(a) is indexed to both Sec. 2A2.2 and Sec. 2A2.4.  A violation of Sec. 231(a)(3) is not indexed to any particular guideline, but the PSR determines that the most analogous Guideline is 2A2.4.

But for both convictions, the PSR relies on the fact that Mr. Olivares was convicted of two felonies to apply the cross-reference under Sec. 2A2.4(c)(1), and applies Sec. 2A2.2 to both Counts 1 and 3 based on the finding that Mr. Olivares' crimes involved an "aggravated assault."

Mr. Olivares would note that the Guidelines are merely advisory, and the term "aggravated assault" is not set forth nor defined by Congress in 18 U.S.C. Sec. 111.  The definition of what is an "aggravated assault" in the Guidelines Application Note is not binding on this Court.

The definition of "aggravated assault" in U.S.S.G. Sec. 2A2.2, App. Note 1, reads:

> "Aggravated assault" means **a felonious assault** that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony.

That definition does not involve "any violation of Sec. 111" – it specifically limits its application to a "felonious assault" – one specific method of violation Sec. 111 -- done with the intent to commit another felony.

Based on the evidence, the violation of Sec. 111(a) in this case does not involve actual physical contact by Mr. Olivares with any law enforcement officer.   The facts are such that the jury's verdict on Sec. 111(a) could have

involved merely resisting, opposing, impeding, intimidating, or interfering with law enforcement officers.  The Verdict Form did not include any special interrogatory asking the jury to specify the location or nature of the specific conduct by Mr. Olivares that was the basis of their guilty verdict on Count Three – nor that it involved any form of "assault" at all.

If the cross-reference is not applied, the applicable Guideline for both Counts One and Three is Sec. 2A2.4.

| | |
|---|---|
| Base Offense Level | 10 |
| Specific Offense Characteristics | N/A |
| Adjusted Offense Level | 10 |
| Grouping | +1 |
| Total Offense Level | 11 |

With 0 history points, Mr. Olivares is in Criminal History Category I, and the applicable Guideline Range is 8-14 months.

That Guideline Range is in Zone B of the Sentencing Table, therefore pursuant to U.S.S.G. Sec. 5B1.1(a)(2), Mr. Olivares is eligible for a sentence of probation with specific conditions, including home confinement.

Mr. Olivares will have been in custody for a period of approximately 6 months at the time of his sentencing hearing.

Mr. Olivares believes a sentence of "time served", to be followed by 24 months of Supervised Release, with the first six month of supervised release to be served under a condition of "home confinement," is an appropriate sentence that adequately accounts for the offense conduct and addresses the sentencing factors set forth in Sec. 3553(a).

Date: September 26, 2024						Respectfully Submitted,

/s/ William L. Shipley
William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*